ELENA R. BACA (SB# 160564)
elenabaca@paulhastings.com
CHRIS A. JALIAN (SB# 295564)
chrisjalian@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA  90071-2228
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

Attorneys for Defendants
LIVE NATION WORLDWIDE, INC. and
LIVE NATION ENTERTAINMENT, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE WELLINGER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LIVE NATION WORLDWIDE, INC.; LIVE NATION ENTERTAINMENT, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 2:20-CV-1612<br><br>**DEFENDANTS LIVE NATION WORLDWIDE, INC., AND LIVE NATION ENTERTAINMENT, INC.'S NOTICE OF REMOVAL**<br><br>**[28 U.S.C. §§ 1331, 1441 (A) AND (C), 1446 (A) (B) AND (D)]**<br><br>(Los Angeles County Superior Court Case No. 19STCV15283) |

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF GEORGE WELLINGER AND HIS ATTORNEYS OF RECORD LAURA L. HO, ESQ. AND GINGER GRIMES, ESQ. OF GOLDSTEIN, BORGEN, DARDARIAN & HO; AND HELEN U. KIM, ESQ. AND FRANK H. KIM, ESQ. OF HELEN KIM LAW, APC:

1. PLEASE TAKE NOTICE THAT Defendants Live Nation Worldwide, Inc. and Live Nation Entertainment, Inc. ("Defendants") hereby remove this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California. This removal is based on federal question jurisdiction, 28 U.S.C. §§ 1331, 1441(a) and (c), and 1446(a), (b), and (d), for the reasons stated below:

## FACTUAL BACKGROUND

2. *Complaint*. On or about May 2, 2019, plaintiff George Wellinger ("Plaintiff") filed but did not serve a complaint in the Superior Court of the State of California for the County of Los Angeles entitled: "*George Wellinger, individually and on behalf of all others similarly situated, Plaintiffs, v. Live Nation Worldwide, Inc. and Live Nation Entertainment, Inc., and DOES 1 through 50, inclusive, Defendants*," designated as Case No. 19STCV15283. The initial complaint asserted three causes of action against Defendants for: (1) Failure to Pay Overtime Wages under the Fair Labor Standards Act; (2) Restitution and Injunction under the California Unfair Competition Law for FLSA violations; and (3) Failure to Pay Overtime, provide meal and rest periods and pay premiums, provide accurate itemized wage statements, pay all final wages, keep accurate payroll records of hours worked, and pay overtime and earned commission twice per month, all under the California Private Attorneys General Act. On May 30, 2019, Plaintiff filed a Consent to Join form under the Fair Labor Standards Act for Anil Gupta, and on September 27, 2019, he filed another Consent to Join Form for Morgan Katz. On

February 14, 2020, Plaintiff filed a first amended complaint (the "Operative Complaint"), which only dismissed the second and third causes of action for FLSA violations under the California Unfair Competition Law, and PAGA. True and correct copies of the Summons and Complaint, First Amended Complaint, Civil Case Cover Sheet, and Civil Case Cover Sheet Addendum and Statement of Location are attached hereto as Exhibit A-D to the Declaration of Chris A. Jalian ("Jalian Decl.").

3. <u>Service of Process</u>. Defendants Live Nation Worldwide, Inc. and Live Nation Entertainment, Inc. were not served with the initial Complaint in this matter. *See* Jalian Decl. ¶ 4. Counsel for Defendants appeared on this matter by jointly submitting a Joint Status Report, Notice of Settlement, and Request for Preliminary Approval Hearing Date on January 27, 2020, along with the Proof of Service. *See* Jalian Decl. ¶ 5, Exs. E, F. Counsel for Defendants also appeared on this matter via court call on a Status Conference before the Honorable David S. Cunningham, III, on January 29, 2020. *See* Jalian Decl. ¶ 6, Ex. G. Plaintiff's counsel E-served the First Amended Complaint on February 14, 2020.

4. Defendants Does 1 through 50 are unnamed and unknown, and therefore have not been served with the Complaint. *See* Operative Complaint ¶ 13.

## PROCEDURAL ISSUES

5. <u>Removal is Timely</u>. Because no initial pleadings were served on Defendants, this removal is timely, as it is being filed within thirty (30) days after Defendants' first appearance in this matter and is timely filed pursuant to 28 U.S.C. § 1446(b).

6. <u>Removal to Proper Court</u>. Defendants properly remove Plaintiff's state court action to this Court because this Court is part of the "district and division within which such action is pending" embracing the place where Plaintiff filed his state court action – Los Angeles County, California. 28 U.S.C. § 1446(a).

1    7. <u>Pleadings and Process</u>.

2    8. Plaintiff's May 30, 2019 Notice of Filing of Consent to Join Anil Gupta.  A true and correct copy of this document is attached hereto as Exhibit H.  *See* Jalian Decl. ¶ 8.

   9. Plaintiff's August 7, 2019 Request for Relief from Deadline to Serve Complaint Pending Mediation and Proposed Order.  A true and correct copy of this document is attached hereto as Exhibit I. *See* Jalian Decl. ¶ 9.

   10. Plaintiff's August 7, 2019 Proof of Service of His Request for Relief from Deadline to Serve Complaint Pending Mediation and Proposed Order.  A true and correct copy of this document is attached hereto as Exhibit J. *See* Jalian Decl. ¶ 10.

   11. Plaintiff's September 27, 2019 Notice of Filing of Consent to Join Morgan Katz.  A true and correct copy of this document is attached hereto as Exhibit K. *See* Jalian Decl. ¶ 11.

   12. November 18, 2019 Notice Re: Continuance of Hearing and Order.  A true and correct copy of this document is attached hereto as Exhibit L. *See* Jalian Decl. ¶ 12.

   13. Plaintiff's November 25, 2019 Status Report and Request for Continuance.  A true and correct copy of this document is attached hereto as Exhibit M.  *See* Jalian Decl. ¶ 13.

   14. Plaintiff's November 25, 2019 Request for Relief from Deadline to Serve Complaint Pending Mediation and Proposed Order Thereon.  A true and correct copy of this document is attached hereto as Exhibit N.  *See* Jalian Decl. ¶ 14.

   15. Plaintiff's November 25, 2019 Proof of Service of Plaintiff's Status Report and Request for Continuance and Request for Relief from Deadline to Serve Complaint Pending Mediation and Proposed Order Thereon.  A true and

correct copy of this document is attached hereto as Exhibit O. *See* Jalian Decl. ¶ 15.

16. Plaintiff's November 25, 2019 Proof of Service of Notice Re: Continuance of Hearing and Order. A true and correct copy of this document is attached hereto as Exhibit P. *See* Jalian Decl. ¶ 16.

17. January 29, 2020 Order Authorizing Electronic Service. A true and correct copy of this document is attached hereto as Exhibit Q. *See* Jalian Decl. ¶ 17.

18. Plaintiff's January 30, 2020 Notice of Preliminary Approval Hearing Date and Further Status Conference. A true and correct copy of this document is attached hereto as Exhibit R. *See* Jalian Decl. ¶ 18.

19. Plaintiff's January 30, 2020 Proof of Service of Notice of Preliminary Approval Hearing Date and Further Status Conference. A true and correct copy of this document is attached hereto as Exhibit S. *See* Jalian Decl. ¶ 19.

20. Plaintiff's February 14, 2020 Proof of Service of First Amended Complaint. A true and correct copy of this document is attached hereto as Exhibit T. *See* Jalian Decl. ¶ 20.

21. <u>Filing and Service</u>. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff's counsel and filed with the Clerk of the Los Angeles County Superior Court. Jalian Decl. ¶ 21. True and correct copies of the Notice to Superior Court of Removal of Civil Action and the Notice to Adverse Party of Removal of Civil Action are attached hereto as Exhibits "U" and "V," respectively. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

22. <u>Venue</u>. Venue is proper in this district pursuant to 28 U.S.C. § 1441(a) because the superior court where the removed case was pending is located within this district.

# FEDERAL QUESTION JURISDICTION

23. A state court action may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331.

24. Plaintiff's first and only cause of action for alleged failure to pay overtime wages is brought under and is based entirely on an alleged violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207, *et seq*. Operative Complaint ¶¶ 6, 29-39. Specifically, Plaintiff alleges, in part:

> As part of its regular business practice, Live Nation intentionally, willfully, and repeatedly engaged in a uniform pattern, practice, and/or policy of violating the FLSA with respect to the Collective Action Members. This policy and pattern or practice included, but is not limited to, willfully: (a) misclassifying Reps as exempt from overtime wages; (b) failing to pay Reps overtime wages for hours that they worked over forty (40) hours per workweek; and (c) failing to record all of the time that Reps worked for the benefit of Live Nation.

Operative Complaint ¶ 26.

25. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216, which provides that "[a]n action to recover the liability [under Section 206, 207 or 215(a)(2)] may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Accordingly, Defendants may remove this action because it arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§ 1331, 1441.

26.     Based on the foregoing, all requirements under 28 U.S.C. § 1331 are satisfied and the Action may be removed to this Court on grounds of federal question jurisdiction under FLSA.

DATED:  February 19, 2020          PAUL HASTINGS LLP
                                   ELENA R. BACA
                                   CHRIS A. JALIAN


                                   By:        /s/ Chris A. Jalian
                                              CHRIS A. JALIAN

                                   Attorneys for Defendants
                                   LIVE NATION WORLDWIDE, INC. and
                                   LIVE NATION ENTERTAINMENT, INC.