# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| NOTICE TO DEFENDANT:<br>*(AVISO AL DEMANDADO):*<br><br>Live Nation Worldwide, Inc.; Live Nation Entertainment, Inc.; and Does 1 through 50, inclusive<br><br>YOU ARE BEING SUED BY PLAINTIFF:<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>George Wellinger, individually and on behalf of all others similarly situated | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>MAY 02 2019<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By _____, Deputy<br>Steven Drew |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* LA Superior, Stanley Mosk Courthouse<br><br>111 N Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**19STCV15283** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Laura L. Ho, 300 Lakeside Drive, Suite 1000, Oakland, CA 94612, Tel: (510) 763-9800

| | | | |
|---|---|---|---|
| DATE: 5/1/2019   MAY 02 2019<br>*(Fecha)* | Sherri R. Carter, Clerk, by<br>*(Secretario)* STEVEN DREW | Clerk, by _____ | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

**Exhibit A, Page 6**

1  Laura L. Ho (SBN 173179)
   lho@gbdhlegal.com
2  Amanda J. Grill (SBN 317408)
   awalbrun@gbdhlegal.com
3  GOLDSTEIN, BORGEN, DARDARIAN & HO
   300 Lakeside Drive, Suite 1000
4  Oakland, CA 94612
   Tel: (510) 763-9800
5  Fax: (510) 835-1417

6  Helen U. Kim (SBN 260195)
   helen@helenkimlaw.com
7  HELEN KIM LAW, APC
   3435 Wilshire Blvd, Suite 2700
8  Los Angeles, CA 90010
   Tel: (323) 487-9151
9  Fax: (866) 652-7819

10 Attorneys for Plaintiff

**FILED**
Superior Court of California
County of Los Angeles

MAY 02 2019

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
       Steven Drew

11            SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                   FOR THE COUNTY OF LOS ANGELES

13

14 GEORGE WELLINGER, individually and on    Case No. ~~19STCV04397~~ **19STCV15283**
   behalf of all others similarly situated,
15                                          CLASS, COLLECTIVE, AND
          Plaintiffs,                       REPRESENTATIVE ACTION
16
   vs.                                      **COMPLAINT**
17
   LIVE NATION WORLDWIDE, INC.; LIVE        DEMAND FOR JURY TRIAL
18 NATION ENTERTAINMENT, INC.; and DOES 1
   through 50, inclusive,                   1. Failure to Pay Overtime Wages under the Fair
19                                             Labor Standards Act;
          Defendants.                       2. California Unfair Competition Law;
20                                          3. California Private Attorneys General Act

21

22                                          By Fax

23

24

25

26

27

28

753442.4

**Exhibit A, Page 7**

## I.    INTRODUCTION

1.    Plaintiff George Wellinger brings this class, collective, and representative action against Defendants Live Nation Worldwide, Inc., Live Nation Entertainment, Inc., and DOES 1 through 50, inclusive (collectively, "Live Nation" or "Defendants"), on behalf of himself and all other similarly situated individuals employed by Live Nation under the titles of "Senior Directors," "Directors," "Sales Managers," "Sales Coordinators," or other inside sales representative whose primary duty is and was to sell, cross-sell, and upsell Live Nation's products and services while at Live Nation's offices (collectively, "Reps").

2.    Plaintiff Wellinger has also filed a similar case in this Court, *George Wellinger v. Live Nation Worldwide, Inc.*, No. 19STCV04397. He has filed this case in addition because that case is stayed so he cannot amend to add the Private Attorneys General Act ("PAGA") claim that he can now bring under Labor Code section 2699.3(a)((1)(C). Moreover, his original complaint did not contain his federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, cause of action, which he now brings on a representative basis. His intent is to consolidate both cases into one litigation when the stay is lifted.

3.    This Complaint challenges Live Nation's misclassification of its inside sales representatives as exempt from the FLSA and California Labor Code's overtime requirements and related claims.

4.    During the entire class period, Live Nation uniformly and consistently misclassified Reps as exempt from overtime requirements under the FLSA and the California Labor Code.

5.    During the entire class period, Live Nation uniformly and consistently required Reps to work more than eight hours in a day and forty (40) hours in a week without overtime pay.

6.    As a result, Plaintiff brings this FLSA collective action alleging that he and all other current and former Reps: (i) were misclassified as exempt from the overtime protections of the FLSA;

1

753442.4

**Exhibit A, Page 8**

(ii) are entitled to unpaid wages from Live Nation for work performed over forty (40) hours per week for which they did not receive any overtime compensation; and (iii) are entitled to liquidated damages pursuant to the FLSA.

7.      In addition, Plaintiff alleges that he and all other current and former Reps in California are entitled to restitution and an injunction under the Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200 *et seq.* for Defendant's violations of the FLSA.

8.      Lastly, Plaintiff brings a representative action under the California Labor Code PAGA (Cal. Lab. Code §§ 2698 *et seq.*) for Live Nation's failure to: (i) pay overtime wages (Cal. Labor Code §§ 510, 1194, 1198; Wage Order 4 § 3 and 7 § 3); (ii) provide meal and rest periods and pay premiums (Cal. Labor Code §§ 226.7, 512, 516; Wage Order 4 §§ 11, 12 and 7 §§ 11, 12); (iii) provide accurate itemized wage statements (Cal. Labor Code § 226; 226.3; Wage Order 4 § 7(B) and 7 § 7(B)); (iv) pay all wages due upon termination (Cal. Labor Code §§ 201 and 202); (v) keep accurate payroll records of hours worked (Cal. Labor Code §§ 1174 and 1174.5); and (vi) pay all overtime and earned commission wages owed twice per calendar month (Cal. Labor Code § 204).

## II.      JURISDICTION AND VENUE

9.      The class action is brought pursuant to California Code of Civil Procedure § 382.  The monetary damages sought by Plaintiff exceed the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.

10.      This Court has jurisdiction over this action pursuant to California Constitution, Article VI, Section 10, which grants the Superior Court original jurisdiction in all causes except those given by statute to other courts.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

11.      This Court has jurisdiction over Plaintiff's and Collective Action Members' claims for unpaid overtime wages under the federal Fair Labor Standards Act under 29 U.S.C. § 216.

753442.4

12.     This Court has jurisdiction over Plaintiff's and Class Action Members' claims for injunctive and restitution of unpaid wages and other ill-gotten gains arising from Live Nation's unlawful and/or unfair business practices under Business and Professions Code §§ 17203 and 17204 and Labor Code §§ 1199 and 2699.5.

13.     This Court has jurisdiction over Plaintiff's representative PAGA action under Labor Code §§ 2698 *et seq.*

14.     Plaintiff fulfilled the administrative prerequisites for filing suit under Labor Code section 2699.3(a). Specifically, on February 7, 2019, Plaintiff submitted to the California Labor and Workforce Agency ("LWDA") via its website a notice describing the allegations set forth in this complaint. A true and correct copy of the Notice (LWDA Case Number LWDA-CM-664723-19) is attached as Exhibit 1. On the same day, Plaintiff served a copy of the Notice on Live Nation via certified mail, as shown in Exhibit 1. As of sixty-five calendar days after submission of the Notice to the LWDA, the LWDA had provided no notice to Plaintiff regarding its intention to investigate or not investigate Plaintiff's claims. Plaintiff timely submitted a filing fee of $75 to the LWDA.

15.     Venue is proper in this Court because, upon information and belief, the named Defendants transact business in this county, have consented to venue in this county, and the acts and omissions alleged herein took place in this county.

### III.     PARTIES

16.     Plaintiff is an individual residing in the State of California. At all times relevant, Plaintiff was employed by Live Nation as a Sales Manager until his last day of employment on January 21, 2019.

17.     Defendant Live Nation Worldwide is a Delaware Corporation with its principal place of business in Beverly Hills, California and is the employer of Plaintiff and the Class Members.

18.     Defendant Live Nation Entertainment is a Delaware Corporation that is jointly and severally liable as the employer of Plaintiff and the Class Members because it employed, exercised control over, and possessed the right to control and direct the wages, hours, and working conditions of Plaintiff and the Class Members.  On information and belief, Live Nation Entertainment controlled the employment decisions of its subsidiary, Life Nation Worldwide. On information and belief, a unity of interest and ownership exists between Live Nation Entertainment and Live Nation Worldwide such that both entities acted as a single employer of Plaintiff and the Class Members.

19.     Plaintiff does not know the true names or capacities, whether individual, corporate, partner, associates, or otherwise, of Live Nation sued as DOES 1 through 50, inclusive, and he therefore sues such Defendants by fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes that each DOE Defendant is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated as DOES when such identities become known.

20.     At all times herein mentioned, Defendants, and each of them, were agents, partners, joint venturers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, representatives, servants, employees, successors, co-conspirators and assigns, and that all acts or omissions alleged herein were duly committed with ratification, knowledge, permission, encouragement, authorization and consent of each Defendant designated herein.

## IV.     **FACTUAL BACKGROUND**

21.     Plaintiff seeks to represent a class of similarly situated current and former employees of Live Nation whose primary duty is and was to sell, cross-sell, and upsell Live Nation's products and

4

753442.4

services while at Live Nation's offices, including but not limited to, inside sales representatives who hold or held the job title of "Senior Director," "Director," "Sales Manager," or "Sales Coordinator."

**A.   Live Nation Uniformly Misclassifies Reps as Exempt from Overtime**

22.   Pursuant to a common policy and practice, Live Nation misclassified Plaintiff and other Reps as exempt instead of their true status as non-exempt employees.

**B.   Live Nation Fails to Pay Reps Overtime Wages**

23.   As a result of Live Nation's misclassification, Live Nation fails to pay Reps overtime compensation.

24.   Reps are not paid for the overtime hours they work beyond eight hours per workday or for the overtime hours they work beyond forty (40) in a workweek.

25.   Reps are not paid one and one-half times their regular rate of pay for hours worked over eight hours per workday or double-time for their hours worked over twelve hours per workday.

26.   Live Nation failed to pay any overtime wages to Plaintiff because of Live Nation's misclassification of Reps as exempt from overtime.

**C.   Live Nation Fails to Provide Reps with Meal and Rest Periods**

27.   Live Nation fails to provide California Reps with meal and rest periods.

28.   Because of Live Nation's misclassification, Live Nation failed to provide Plaintiff and other California Reps a duty-free, timely, and uninterrupted 30-minute meal period before the end of the fifth hour of work and/or a second 30-minute meal period for shifts worked over ten hours.

29.   Because of Live Nation's misclassification, Live Nation failed to authorize or permit Plaintiff and other California Reps a ten-minute rest period per four hours of work or major fraction thereof.

30.   Live Nation has never paid Reps any meal or rest break premiums for its failure to provide meal and rest breaks.

753442.4

**Exhibit A, Page 12**

**D.** **Live Nation Fails to Provide Reps with Accurate Itemized Wage Statements**

31.     Live Nation fails to provide California Reps with accurate itemized wage statements.

32.     Live Nation issues wage statements that are incomplete and inaccurate due to its misclassification of Reps as employees exempt from overtime.

33.     Because of Live Nation's misclassification, Live Nation failed to provide Plaintiff and other California Reps itemized wage statements indicating their total hours worked, all overtime hours, all missed meal and rest periods, gross and net wages earned, and all applicable hourly rates and corresponding number of hours worked at each rate by Reps in a particular pay period.

**E.** **Live Nation Fails to Pay Reps All Wages Owed Upon Discharge or Resignation**

34.     Live Nation has failed to pay all wages owed, including overtime wages and wages owed for missed meal and rest periods it failed to provide, at the time of a California Rep's discharge or resignation from employment.

35.     Because of Live Nation's misclassification, Live Nation willfully and knowingly failed to pay all final wages owed at the time of Plaintiff's separation of employment from Live Nation.

**F.** **Live Nation Fails to Keep Accurate Payroll Records for Reps**

36.     Live Nation has failed to keep accurate payroll records of Reps' daily hours worked, including the total hours worked per day, overtime hours worked, and wages owed for missed meal and rest periods.

37.     Because of Live Nation's misclassification, Live Nation did not maintain any system to track and record Plaintiff and other Reps' actual time worked each day during their terms of employment.

**G.** **Live Nation Fails to Pay All Wages Owed to Reps Twice Each Calendar Month**

38.     Live Nation has failed to pay California Reps all wages owed twice each calendar month, including overtime wages, meal premiums for missed meal periods, and rest premiums for missed rest premiums, because Live Nation does not pay Reps any overtime wages, meal period premiums, or rest period premiums.

39.     In addition, pursuant to a common policy and practice, Reps receive commission wages under standard Sales Commission Plans or other commission agreements. The terms of these agreements provide that Live Nation will pay all commissions wages on a quarterly basis, not on the next pay period in which they were earned.

40.     According to the Sales Commission Plan, although commissions are earned "after cash for sales is received, posted, less taxes, verified by finance, any draw has been recouped" or (where applicable) once "all shows within the concert . . . have played off and any draw has been recouped," commission pay is distributed "quarterly in pay periods May 31st (Q1 ending March 31st), August 30th (Q2 ending June 30th), November 30th (Q3 ending September 30th), and February 28th (Q4 ending December 31st)."

41.     As a result, Live Nation failed to pay all earned commissions when due and payable and deprived Plaintiff and other California Reps of their fundamental employment rights as mandated by California law, including but not limited to, the right to timely payment of earned wages, the right to accurate itemized wage statements, and the right to prompt payment of full wages upon termination of employment.

42.     Reps' "commissions" do not constitute more than half of their total compensation.

**H.     Plaintiff is an Aggrieved Employee under the Private Attorneys General Act**

43.     PAGA provides that "any provision of [the Labor Code] that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency . . . for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedure" set forth in PAGA. Cal. Labor Code § 2699(a), (f).

44.     Plaintiff is an "aggrieved employee" under PAGA, as he was employed by Live Nation during the statutory period and suffered one or more Labor Code violations. As such, Plaintiff seeks to

753442.4

**Exhibit A, Page 14**

1  recover, on behalf of the State of California, civil penalties owed for violations committed by Live

2  Nation against himself and all current and former aggrieved employees (California Reps) of Live

3  Nation, plus reasonable attorneys' fees and costs.  Plaintiff seeks to recover the PAGA civil penalties

4  through a representative action as permitted by PAGA and the California Supreme Court in *Arias v.*

5  *Superior Court*, 46 Cal. 4th 969 (Cal. Ct. App. 2009).

6

7       45.    Enforcement of statutory provisions to protect workers and to ensure proper and prompt

8  payment of wages is a fundamental public interest.  Plaintiff's successful enforcement of important

9  rights affecting the public interest will confer a significant benefit upon the general public.  Private

10 enforcement of these rights is necessary, as no public agency has pursued enforcement.  Plaintiff is

11 incurring a financial burden in pursuing this action, and it would be against the interests of justice to

12 require the payment of attorneys' fees and costs from any recovery obtained.

13                        V.    **COLLECTIVE ACTION ALLEGATIONS**

14

15      46.    Plaintiff, on behalf of himself and all others similarly situated, re-alleges and

16 incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth

17 herein.

18      47.    Pursuant to 29 U.S.C. § 216, Plaintiff seeks to prosecute the FLSA claims as a

19 collective action on behalf of

20          All current and former employees of Live Nation who have been given
            the titles of "Senior Director," "Director," "Sales Manager," "Sales
21          Coordinator," or any other similar sales representatives whose primary
            duty is and was to sell, cross-sell, and upsell Live Nation's products and
22          services while at Live Nation's offices in any state from three years prior
            to the filing of this Complaint to the close of the opt-in period
23          ("Collective Action Members").
24
25      48.    There are numerous similarly situated current and former Reps throughout the United

26 States who would benefit from the issuance of a Court-supervised notice.  Those similarly situated

27 employees are known to Live Nation and are readily identifiable through Live Nation's records.

28

753442.4

49.     Plaintiff and Collective Action Members are similarly situated because, among other things, they all: (a) had the same duties; (b) performed the same tasks; (c) were misclassified as exempt from overtime wages; (d) were paid under the same pay plans; (e) were required, suffered, or permitted to work, and did work in excess of forty (40) hours per week; and (f) were not paid at a rate of one and one-half times their regular rate of pay for all overtime hours worked.

50.     As part of its regular business practice, Live Nation intentionally, willfully, and repeatedly engaged in a uniform pattern, practice, and/or policy of violating the FLSA with respect to the Collective Action Members. This policy and pattern or practice included, but is not limited to, willfully: (a) misclassifying Reps as exempt from overtime wages; (b) failing to pay Reps overtime wages for hours that they worked over forty (40) hours per workweek; and (c) failing to record all of the time that Reps worked for the benefit of Live Nation.

51.     Live Nation was aware or should have been aware that federal law required it to pay employees an overtime premium for hours worked in excess of forty (40) hours per workweek.

52.     Live Nation's deceptive conduct prevented Plaintiff and all other Collective Action Members from discovering or asserting their claims earlier than they did because Live Nation, among other things, repeatedly declared that Reps were exempt from overtime.

## VI.   CALIFORNIA CLASS ACTION ALLEGATIONS

53.     Plaintiff, on behalf of himself and all others similarly situated, re-alleges and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

54.     Plaintiff seeks class certification pursuant to California Code of Civil Procedure § 382 on behalf of the following class:

> All current and former employees of Live Nation in the State of California in the last four years through the final disposition of this action who have been given the titles of "Senior Director," "Director," "Sales Manager," "Sales Coordinator," or any other title or position used by Live Nation to describe employees whose primary duty is and was to sell, cross-sell, and upsell Live Nation's products and services while at Live Nation's offices ("California Class Action Members" or "Class Action Members").

55. **Numerosity:** The putative class is so numerous that joinder of all members is impractical, if not impossible. Although the identities and precise number of such persons in the class are currently unknown, and the facts on which the calculation of that number would be based are within the custody and/or control of Live Nation, and readily ascertainable by review of Live Nation's records, including payroll records, upon information and belief, Live Nation has employed over forty (40) Reps in California within the last four years.

56. **Commonality and Predominance:** Among the proposed class, there is a well-defined community of interest in the questions of law and/or fact involved. Common questions of law and/or fact predominate over questions that affect only individual Class Action Members. Those common questions include, but are not limited to:

a. Whether Live Nation has a policy or practice of refusing to pay any overtime compensation to Class Action Members for all hours worked greater than forty (40) in a week;

b. Whether Live Nation's uniform classification of all Class Action Members as exempt from overtime violates the FLSA; and

c. Whether Live Nation owes Class Action Members overtime wages for failing to pay for all hours worked greater than forty (40) in a week.

57. Plaintiff alleges this corporate conduct is accomplished with the advance knowledge and designed intent to willfully withhold appropriate wages for work performed by the Class Action Members.

58. **Typicality:** The claims of Plaintiff are typical of those belonging to the Class Action Members in that: (1) Plaintiff is a member of the Class; (2) Plaintiff's claims arise from the same practice or course of conduct that forms the basis of the Class claims; (3) Plaintiff's claims are based upon the same legal and remedial theories as those of the Class and involve similar factual

753442.4

1  circumstances; (4) there is no antagonism between the interests of Plaintiff and absent Class Members;

2  and (5) the injuries that Plaintiff suffered are similar to the injuries that Class Members suffered.

3      59.    **Adequacy of Representation**: Plaintiff will fairly and adequately represent the Class.

4  There is no conflict between Plaintiff's claims and those of other Class Members. Plaintiff has

5  retained counsel who are skilled and experienced in class actions and who will vigorously prosecute

6  this litigation.

7

8      60.    A class action is superior to other available methods for the fair and efficient

9  adjudication of this controversy because joinder of all members is impracticable. If each employee

10  were required to file an individual lawsuit, Live Nation would necessarily gain an unconscionable

11  advantage in its ability to exploit and overwhelm the limited resources of each individual employee

12  from vastly superior financial and legal resources. To require a solely individual remedy would also

13  discourage employees from asserting their lawful claims for real and justifiable fear of retaliation and

14  permanent damage to their careers at subsequent employment. Furthermore, the damages suffered by

15  individual Class Action Members may be relatively small and the expense and burden make it

16  impracticable for Class Action Members to individually seek redress.

17

18      61.    Proof of a common business practice or factual pattern, which Plaintiff experienced and

19  is representative of, will establish the right of each Class Action Member to recovery on the causes of

20  action alleged herein.

21

22      62.    The Class Action Members are commonly entitled to a specific fund with respect to the

23  compensation illegally and unfairly retained by Live Nation. This action is brought for the benefit of

24  all the Class Action Members and will result in the creation of a common fund.

25      63.    Plaintiff knows of no difficulty that might be encountered in the management of this

26  litigation that would preclude its maintenance as a class action.

27

28

**Exhibit A, Page 18**

**FIRST CAUSE OF ACTION**
Violations of the Fair Labor Standards Act
[29 U.S.C. §§ 201 *et seq.*]

64.     Plaintiff, on behalf of himself and all Collective Action Members, re-allege and incorporate by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

65.     Live Nation has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

66.     Live Nation employed and/or continues to employ Plaintiff and Collective Action Members within the meaning of the FLSA.

67.     Live Nation has had annual gross revenues in excess of $500,000.

68.     Plaintiff expressly consents in writing to be a party to these collective actions pursuant to 29 U.S.C. § 216(b).  *See* Exhibit 2.

69.     Plaintiff and Collective Action Members are non-exempt employees.

70.     However, Live Nation misclassifies Reps, including Plaintiff and Collective Action Members, as exempt employees.

71.     Live Nation has a policy or practice of refusing to pay any overtime compensation to Reps for hours worked in excess of forty (40) hours per week.

72.     Live Nation has violated and continues to violate the FLSA, including §§ 207(a)(1) and 215(a) because Live Nation willfully fails to compensate its Reps for all hours worked and at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a workweek.

73.     Live Nation's conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

74.     Due to Live Nation's FLSA violations, Plaintiff, on behalf of himself and all Collective Action Members, is entitled to recover from Live Nation unpaid wages, as well as overtime compensation, an additional amount equal to the unpaid wages and overtime as liquidated damages,

12

COMPLAINT - CASE NO. 19STCV04397

753442.4

**Exhibit A, Page 19**

1    reasonable attorneys' fees, and costs pursuant to § 216(b) of the FLSA, as well as further relief as

2    described below.

### SECOND CAUSE OF ACTION
### Unfair Competition Law Violations
### [Cal. Bus. & Prof. Code §§ 17200 et seq.]

5    75.    Plaintiff, on behalf of himself and all others similarly situated, re-allege and incorporate

6    by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

7    76.    California Business & Professions Code §§ 17200 et seq. prohibits unfair competition

8    in the form of any unlawful, unfair, deceptive, or fraudulent business practices.

9    77.    Live Nation has committed unlawful, unfair, deceptive, and/or fraudulent acts as

10   defined by California Business & Professions Code § 17200.  Live Nation's unlawful, unfair,

11

12   deceptive, and/or fraudulent business practices include, but are not limited to, failing to pay overtime

13   wages required under the FLSA.

14   78.    As a result of these unlawful, unfair, and/or fraudulent business practices, Live Nation

15   reaped unfair benefits and illegal profits at the expense of Plaintiff and similarly situated individuals.

16   79.    Live Nation's utilization of such business practices also provides an unfair advantage

17   over Live Nation's competitors.

18

19   80.    Plaintiff brings this cause of action individually and representative of all others subject

20   to Live Nation's unlawful acts and practices.

21   81.    Plaintiff seeks, on his own behalf, and on behalf of all other members of the Class who

22   are similarly situated, full restitution of monies, as necessary and according to proof, to restore any and

23   all monies withheld, acquired and/or converted by Live Nation by means of the unfair practices

24   complained of herein.

25

### THIRD CAUSE OF ACTION
### Violation of the Labor Code Private Attorney General Act of 2004 ("PAGA")
### [Cal. Labor Code §§ 2698 et seq.]

13

753442.4

82.     Plaintiff, on behalf of himself and all others similarly situated, re-alleges and reincorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

83.     Plaintiff and all similarly situated individuals are "aggrieved employees" under PAGA, as they are or were employed by Live Nation during the applicable statutory period and suffered one or more Labor Code violations.  As such, Plaintiff seeks to recover, on behalf of himself and all current and former aggrieved employees of Live Nation, the civil penalties provided by PAGA, plus reasonable attorneys' fees and costs.

84.     Plaintiff seeks to recover the PAGA civil penalties through a representative action as permitted by PAGA and the California Supreme Court in *Arias v. Superior Court*, 46 Cal. 4th 969 (Cal. Ct. App. 2009).  Class certification of the PAGA claims is not required, but Plaintiff may seek certification of the PAGA claims.

85.     Plaintiff seeks to pursue remedies pursuant to PAGA for the following violations:

a.     For Live Nation's willful failure to pay Reps overtime, Plaintiff seeks civil penalties, including wages, as set forth in California Labor Code § 558 which provides:

> (a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:
>
> (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
>
> (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
>
> (3) Wages recovered pursuant to this section shall be paid to the affected employee.

753442.4

**Exhibit A, Page 21**

1            b.      For Live Nation's failure to provide Reps with meal periods, Labor Code § 2699

2    imposes a civil penalty of one hundred dollars ($100) per pay period, per aggrieved employee for the

3    initial violation.  For each subsequent violation, the penalty is two hundred dollars ($200) for each

4    aggrieved employee per pay period.  California Labor Code § 226.7 requires an employer to pay one

5    additional hour of pay at the employee's regular rate of compensation for each workday that the meal

6    period is not provided, and for Live Nation's failure to pay the additional hour of pay, Labor Code

7    § 2699 imposes a civil penalty of one hundred dollars ($100) per pay period, per aggrieved employee

8    for the initial violation, and two hundred dollars ($200) for each subsequent pay period for each

9    aggrieved employee.  Live Nation is also liable for civil penalties under California Labor Code § 558

10   as described above for violating the Labor Code chapter regulating hours and days of work and Wage

11   Orders 4 and 7(11).

12

13           c.      For Live Nation's failure to provide Reps with rest periods, Labor Code § 2699

14   imposes a civil penalty of one hundred dollars ($100) per pay period, per aggrieved employee for the

15   initial violation.  For each subsequent violation, the penalty is two hundred dollars ($200) for each

16   aggrieved employee per pay period.  California Labor Code § 226.7 requires an employer to pay one

17   additional hour of pay at the employee's regular rate of compensation for each workday that the rest

18   period is not provided, and for Live Nation's failure to pay the additional hour of pay, Labor Code

19   § 2699 imposes a civil penalty of one hundred dollars ($100) per pay period, per aggrieved employee

20   for the initial violation, and two hundred dollars ($200) for each subsequent pay period for each

21   aggrieved employee.  Live Nation is also liable for civil penalties under California Labor Code § 558

22   as described above for violating the Labor Code chapter regulating hours and days of work and Wage

23   Order 4(12).

24

25

26

27

28

753442.4

**Exhibit A, Page 22**

d.      For Live Nation's willful failure to pay all wages to an employee who is discharged or quits, California Labor Code § 256 imposes a civil penalty in an amount not exceeding thirty (30) days' pay.

e.      For Live Nation's failure to pay all wages owed twice per month under California Labor Code § 204, including overtime wages, earned "commission" wages, and wages for missed meal and rest periods, Live Nation is liable for civil penalties under California Labor Code § 558 as described above for violating Wage Order Nos. 4 and 7.  In addition to other penalties provided by the California Labor Code, California Labor Code § 210 permits Plaintiff to recover civil penalties in the amount of one hundred dollars ($100) per employee per initial violation of the timely payment requirements of California Labor Code § 204 and two hundred dollars ($200) per employee for each subsequent violation, plus twenty-five percent (25%) of the amount unlawfully withheld.

f.      For Live Nation's willful failure to keep accurate records as required by California Labor Code § 1174(d), including records of Reps' regular hours worked, overtime hours, weekend hours, holiday hours, and meal periods, Live Nation is subject to a civil penalty of five hundred dollars ($500) under California Labor Code § 1174.5.  Live Nation is also liable for civil penalties under California Labor Code § 558 as described above for violating Wage Order 4(7).

g.      For Live Nation's knowing and intentional failure to provide accurate itemized wage statements, California Labor Code § 226.3 imposes a civil penalty, in addition to any other penalty provided by law, of two hundred fifty dollars ($250) per aggrieved employee for the first violation of California Labor Code § 226(a), and one thousand dollars ($1,000) per aggrieved employee for each subsequent violation.  Live Nation is also liable for civil penalties under California Labor Code § 558 as described above for violating Wage Order 4(7).

86.      A true and correct copy of the claim notice filed online with the California LWDA, LWDA Case Number LWDA-CM-664723-19, a copy of which was sent via certified mail to Live

753442.4

**Exhibit A, Page 23**

1   Nation, is attached as Exhibit 1. As of today's date, the LWDA has provided no notice to Plaintiff

2   regarding its intention to investigate or not investigate Plaintiff's claims.

3        87.     Enforcement of statutory provisions to protect workers and to ensure proper and prompt

4   payment of wages is a fundamental public interest. Plaintiff's successful enforcement of important

5   rights affecting the public interest will confer a significant benefit upon the general public. Private

6   enforcement of these rights is necessary, as no public agency has pursued enforcement. Plaintiff is

7   incurring a financial burden in pursuing this action, and it would be against the interests of justice to

8   require the payment of attorneys' fees and costs from any recovery obtained.

9

10        88.     As a result of the violations alleged, Plaintiff, an aggrieved employee on behalf of

11   himself and other aggrieved employees, seek all civil penalties available pursuant to California Labor

12   Code § 2699, including all civil penalties, attorneys' fees, expenses, and costs of suit.

13

14 **PRAYER FOR RELIEF**

       WHEREFORE, Plaintiff prays for judgment for himself and for all others on whose behalf this

15

16   suit is brought against Live Nation, jointly and severally, as follows:

       A.     Designate this action as a collective action on behalf of the Collective Action Members

17

18   and authorize issuance of notice pursuant to 29 U.S.C. § 216(b) to all Collective Action Members,

19   apprising them of the pendency of this action and permitting them to timely assert FLSA claims in this

20   action by filing individual consents to opt into this proceeding;

21        B.     Certify this action as a class action under California Code of Civil Procedure § 382, as

22   alleged herein, for the Class Action Members, and appoint Plaintiff as Class Representative and his

23   attorneys as Class Counsel;

24

25        C.     Direct class notice to all Class Action Members;

26        D.     Declare that Live Nation misclassified all Class Action Members under California Law

27   as exempt from overtime wages;

28

753442.4

1    E.    Declare that Live Nation misclassified all Collective Action Members under the FLSA

2    as exempt from overtime wages;

3    F.    Declare that Live Nation has violated Business and Professions Code §§ 17200 *et seq.*,

4    as a result of the aforementioned violations of the FLSA;

5    G.    Award unpaid wages, including all overtime compensation, due under the FLSA, to

6    Plaintiff and Collective Action Members;

7

8    H.    Award civil penalties under California Labor Code § 2698 *et seq.* for violations of the

9    California Labor Code;

10   I.    Award pre-judgment and post-judgment interest;

11   J.    Order Live Nation to make restitution to Plaintiff and other Class Action Members due

12   to its unlawful and/or unfair business practices, including interest;

13

14   K.    Enjoin Live Nation from violating the UCL;

15   L.    Award reasonable attorneys' fees;

16   M.    Award costs and expenses of this action; and

17   N.    Award such other relief as this Court deems just and proper.

18                          **JURY TRIAL DEMANDED**

19   Plaintiff demands a trial by jury on claims so triable.

20   Dated:  May 1, 2019                    Respectfully submitted,

21                                          GOLDSTEIN, BORGEN, DARDARIAN & HO

22

23                                          Laura L. Ho (SBN 173179)
                                            lho@gbdhlegal.com
24                                          Amanda Grill (SBN 317408)
                                            awalbrun@gbdhlegal.com
25
                                            Helen U. Kim (SBN 260195)
26                                          helen@helenkimlaw.com
                                            HELEN KIM LAW, APC
27
                                            *Attorneys for Plaintiff and the Putative Class*
28

                                    18

753442.4

EXHIBIT 1

# EXHIBIT 1



Department of
Industrial Relations

STATE OF CALIFORNIA

## PAGA NOTICE PUBLIC SEARCH - CASE DETAIL

**Case Information**

**Case Number:** LWDA-CM-664723-19
**Plaintiff for PAGA Case:** George Wellinger
**Filer/Attorney for PAGA Case:** Helen Kim
**Law Firm for PAGA Plaintiff:** Helen Kim Law, APC
**Employer:** Live Nation Entertainment, Inc.
**Date Case Received:**
**Filer for Employer:**
**Employer Filer Firm:**
**Court Type:**
**Court Name:**
**PAGA Court Case Number:**
**Violation Type:**
**Related BOFE Case:**

**Attachments**

| Attachment Name | Description | Date Submitted | Type |
|---|---|---|---|
| | | | |

**Exhibit A, Page 28**

Page 1

# HELEN KIM LAW, APC

3435 Wilshire Blvd, Suite 2700, Los Angeles, California 90010
Tel: (323) 487-9151 ▪ Fax: (866) 652-7819 ▪ Email: helen@helenkimlaw.com

February 10, 2019

**VIA REGULAR MAIL**
California Labor & Workforce Development Agency
Attn: PAGA Administrator
1515 Clay Street, Suite 801
Oakland, CA 94612

> **Re:**   *Wellinger v. Live Nation Entertainment, Inc.* **– PAGA Notice**
> *Wellinger v. Live Nation Worldwide* **– PAGA Notice**
> **LWDA Case No.: LWDA-CM-664723-19**

To Whom It May Concern:

Please be advised that this office is counsel to Mr. George Wellinger ("Plaintiff"), and that all future communications should be directed to this office.

Enclosed please find a check for the filing fee for Plaintiff's PAGA notices filed on February 7, 2019 in the above-entitled matters.

Please contact me if you have any questions.

Sincerely,

*Helen Kim*

Helen Kim

**Exhibit A, Page 29**

February 7, 2019
Page 1

# HELEN KIM LAW, APC

3435 Wilshire Blvd, Suite 2700, Los Angeles, California 90010
Tel: (323) 487-9151 • Fax: (866) 652-7819 • Email: helen@helenkimlaw.com

February 7, 2019

**VIA CERTIFIED MAIL WITH RETURN RECEIPT REQUESTED**
Corporate Creations California Inc. (c/o Live Nation Entertainment, Inc.)
4640 Admiralty Way, 5th Floor
Marina Del Rey, California 90292

  **Re:** *George Wellinger v. Live Nation Entertainment, Inc. – PAGA Notice*

To Whom It May Concern:

  Please be advised that this office is counsel to Mr. George Wellinger ("Plaintiff"), and that all future communications should be directed to this office.

  Plaintiff was employed by Live Nation Entertainment, Inc. ("Defendant") as a non-exempt employee who was misclassified as exempt. Pursuant to California Labor Code section 2699.3, Plaintiff hereby provides notice of certain Labor Code violations by Defendant. More specifically, Plaintiff alleges that Defendant:

1. Violated Labor Code section 510, 558, 1194, 1194.2, and 1197.1, IWC Wage Order Nos. 4-2001 and MW-2019, and Title 8 of the California Code of Regulations sections 11000 and 11040 by failing to pay all overtime and minimum wages. Plaintiff contends Defendants failed to pay him and other aggrieved employees for all overtime hours worked at the regular rate of pay. Specifically, Plaintiff contends that Defendant paid Plaintiff and other aggrieved employees commissions, bonuses, "spifs", and/or other forms of non-discretionary incentive pay that are not excludable from an employee's "regular rate" of pay. Because Defendant failed to properly incorporate these forms of non-discretionary incentive pay into Plaintiff and other aggrieved employees' "regular rate" of pay, Defendant miscalculated and underpaid the overtime wages owed. In addition, Plaintiff contends that Plaintiff and the aggrieved employees were subject to a policy and practice that misclassified them as exempt instead of their proper classification as non-exempt employees and therefore denied overtime and double-time wages. Plaintiff further contends on behalf of non-exempt employees (including without limitation, "Sales Coordinators") that Defendant failed to compensated them for all minimum wages and, where applicable, overtime and double-time wages. Plaintiff contends he and the aggrieved employees are entitled to penalties in the amount of $100 for each first violation and $250 for each subsequent violation in addition to an amount sufficient to recover unpaid wages pursuant to Labor Code section 1197.1.; $50 for each initial violation, and $100 for each subsequent violation, plus an amount sufficient to recover the underpaid wages, pursuant to Labor Code section 558; and/or $100 for each initial violation and $200 for each subsequent violation, pursuant to Labor Code section 2699(f).

2. Violated Labor Code sections 226.7, 512, 558, IWC Wage Order No. 4-2001, and Title 8 of the California Code of Regulations section 11040 by failing to provide all legally required meal

**Exhibit A, Page 30**

February 7, 2019
Page 2

periods, or to pay premium pay in lieu thereof, to Plaintiff and other aggrieved employees at the regular rate of pay.  Specifically, Plaintiff contends that Plaintiff and the aggrieved employees were subject to a policy and practice that misclassified them as exempt instead of their proper classification as non-exempt employees.  Plaintiff further contends on behalf of non-exempt employees (including without limitation, "Sales Coordinators") that Defendant implemented a policy and practice not to provide such employees with their right to meal breaks.  As a result, Plaintiff and the aggrieved employees were: 1) denied timely 30-minute meal periods before the fifth hour of work; and 2) denied second 30-minute meal periods for shifts longer than ten (10) hours.  For example, Plaintiff asserts he and aggrieved employees worked over ten (10) hours in a shift without receiving a second 30-minute meal period, and were required to work through meal periods or return to work prior to the conclusion of their 30-minute meal period.  Plaintiff contends he and/or the aggrieved employees are entitled to penalties in the amount of $50 for each first violation and $100 for each subsequent violation, in addition to an amount sufficient to recover unpaid wages under Labor Code § 558; and/or $100 for each initial violation and $200 for each subsequent violation, pursuant to Labor Code § 2699(f).

3.   Violated Labor Code sections 226.7, 512, 558, IWC Wage Order No. 4-2001, and Title 8 of the California Code of Regulations section 11040 by failing to provide all legally required rest periods, or to pay premium pay in lieu thereof, to Plaintiff and other aggrieved employees at the regular rate of pay.  Specifically, Plaintiff contends that Plaintiff and the aggrieved employees were subject to a policy and practice that misclassified them as exempt instead of their proper classification as non-exempt employees.  Plaintiff further contends on behalf of non-exempt employees (including without limitation, "Sales Coordinators") that Defendant implemented a policy and practice not to provide such employees with their right rest breaks.  As a result, Plaintiff and the aggrieved employees were regularly and categorically denied required rest breaks.  For example, Plaintiff asserts he and aggrieved employees worked over eight (8) hours in a shift without receiving a rest period for every four hours worked, or major fraction thereof.  Plaintiff contends he and/or the aggrieved employees are entitled to penalties in the amount of $50 for each first violation and $100 for each subsequent violation, in addition to an amount sufficient to recover unpaid wages under Labor Code § 558; and/or $100 for each initial violation and $200 for each subsequent violation, pursuant to Labor Code § 2699(f).

4.   Violated Labor Code sections 233 and 234 by unlawfully discharging and discriminating against Plaintiff and other aggrieved employees for using sick leave to attend to an illness.  Specifically, Plaintiff contends that he and other aggrieved employees were subject to Defendant's pattern of conduct that, taken as a whole, materially and adversely affected the terms, conditions, or privileges of Plaintiff's and the other aggrieved employee's employment with Defendant as a result of requesting or taking sick leave.  Plaintiff contends he and aggrieved employees are entitled to penalties in the amount of $100 for each first violation per pay period and $200 for each subsequent violation under Labor Code § 2699.

5.   Violated Labor Code sections 204 and 1194.5 by failing to pay aggrieved employees all commission wages within the appropriate time period(s) required.  Specifically, Plaintiff contends that he and other aggrieved employees were subjected to written Sales Commission Plans and similar commission agreements that only paid earned commission wages on a quarterly basis and not after when due and payable.  Plaintiff contends he and aggrieved employees are entitled to penalties in the amount of $100 for each first violation per pay period and $200 for each subsequent violation under Labor Code § 2699.

6.   Violated Labor Code section 221-223 and 225.5 by unlawfully withholding wages due to Plaintiff and other aggrieved employees.  Specifically, Plaintiff contends that he and other aggrieved

February 7, 2019
Page 3

employees had their earned commission wages unlawfully withheld by Defendant. Plaintiff contends he and other aggrieved employees are entitled to penalties in the amount of $100 for each first violation and $200, plus 25 percent of the amount(s) withheld (subsequent violations) for each failure to pay each employee, including Plaintiff.

7. Violated Labor Code sections 226 and 226.3, IWC Wage Order No. 4-2001, and Title 8 of the California Code of Regulations section 11040 by providing inaccurate itemized wage statements. For example, Plaintiff contends that as a result of Defendants' other Labor Code violations, Defendants failed to accurately record the gross wages earned, net wages earned, and rates of pay for Plaintiff and other aggrieved employees. Plaintiff contends he and aggrieved employees are entitled to penalties in the amount of $250 for each first violation and $1,000 for each subsequent violation pursuant to Labor Code § 226.3. In addition, Plaintiff contends that he and other aggrieved employees are entitled to penalties in the amount of $50.00 per underpaid employee per pay period, and $100.00 per underpaid employee per pay period, plus the amount which is sufficient to recover unpaid wages, pursuant to IWC Wage Order No. 4-2001 and Title 8 of the California Code of Regulations section 11040.

8. Violated Labor Code sections 201-204, 210, and 1194.5 by failing to pay all wages within the appropriate time period required, including in a timely fashion at the end of employment. For example, as discussed above, Plaintiff and/or aggrieved employees were not properly compensated for all minimum wages and overtime hours worked, were not compensated the proper meal period and rest break premium pay, and were not paid all wages upon termination of or separation from employment. Plaintiff contends he and aggrieved employees are entitled to penalties in the amount of $100 for each first violation and $200 for each subsequent violation pursuant to Labor Code § 210.

Plaintiff intends to pursue a claim under the Private Attorneys General Act of 2004 pursuant to Labor Code section 2698 *et seq.*

Please contact me when/if this matter is assigned to a staff member to discuss these issues.

Sincerely,

*Helen Kim*

Helen Kim


cc:     LWDA (via electronic submission)

**Exhibit A, Page 32**

February 7, 2019
Page 1

# HELEN KIM LAW, APC

3435 Wilshire Blvd, Suite 2700, Los Angeles, California 90010
Tel: (323) 487-9151 • Fax: (866) 652-7819 • Email: helen@helenkimlaw.com

February 7, 2019

**VIA CERTIFIED MAIL WITH RETURN RECEIPT REQUESTED**

Corporate Creations California Inc. (c/o Live Nation Worldwide, Inc.)
4640 Admiralty Way, 5th Floor
Marina Del Rey, California 90292

   **Re:** *George Wellinger v. Live Nation Worldwide, Inc. – PAGA Notice*

To Whom It May Concern:

  Please be advised that this office is counsel to Mr. George Wellinger ("Plaintiff"), and that all future communications should be directed to this office.

  Plaintiff was employed by Live Nation Entertainment, Inc. ("Defendant") as a non-exempt employee who was misclassified as exempt. Pursuant to California Labor Code section 2699.3, Plaintiff hereby provides notice of certain Labor Code violations by Defendant. More specifically, Plaintiff alleges that Defendant:

1. Violated Labor Code section 510, 558, 1194, 1194.2, and 1197.1, IWC Wage Order Nos. 4-2001 and MW-2019, and Title 8 of the California Code of Regulations sections 11000 and 11040 by failing to pay all overtime and minimum wages. Plaintiff contends Defendants failed to pay him and other aggrieved employees for all overtime hours worked at the regular rate of pay. Specifically, Plaintiff contends that Defendant paid Plaintiff and other aggrieved employees commissions, bonuses, "spifs", and/or other forms of non-discretionary incentive pay that are not excludable from an employee's "regular rate" of pay. Because Defendant failed to properly incorporate these forms of non-discretionary incentive pay into Plaintiff and other aggrieved employees' "regular rate" of pay, Defendant miscalculated and underpaid the overtime wages owed. In addition, Plaintiff contends that Plaintiff and the aggrieved employees were subject to a policy and practice that misclassified them as exempt instead of their proper classification as non-exempt employees and therefore denied overtime and double-time wages. Plaintiff further contends on behalf of non-exempt employees (including without limitation, "Sales Coordinators") that Defendant failed to compensated them for all minimum wages and, where applicable, overtime and double-time wages. Plaintiff contends he and the aggrieved employees are entitled to penalties in the amount of $100 for each first violation and $250 for each subsequent violation in addition to an amount sufficient to recover unpaid wages pursuant to Labor Code section 1197.1.; $50 for each initial violation, and $100 for each subsequent violation, plus an amount sufficient to recover the underpaid wages, pursuant to Labor Code section 558; and/or $100 for each initial violation and $200 for each subsequent violation, pursuant to Labor Code section 2699(f).

2. Violated Labor Code sections 226.7, 512, 558, IWC Wage Order No. 4-2001, and Title 8 of the California Code of Regulations section 11040 by failing to provide all legally required meal

**Exhibit A, Page 33**

February 7, 2019
Page 2

periods, or to pay premium pay in lieu thereof, to Plaintiff and other aggrieved employees at the regular rate of pay.  Specifically, Plaintiff contends that Plaintiff and the aggrieved employees were subject to a policy and practice that misclassified them as exempt instead of their proper classification as non-exempt employees.  Plaintiff further contends on behalf of non-exempt employees (including without limitation, "Sales Coordinators") that Defendant implemented a policy and practice not to provide such employees with their right to meal breaks.  As a result, Plaintiff and the aggrieved employees were: 1) denied timely 30-minute meal periods before the fifth hour of work; and 2) denied second 30-minute meal periods for shifts longer than ten (10) hours.  For example, Plaintiff asserts he and aggrieved employees worked over ten (10) hours in a shift without receiving a second 30-minute meal period, and were required to work through meal periods or return to work prior to the conclusion of their 30-minute meal period.  Plaintiff contends he and/or the aggrieved employees are entitled to penalties in the amount of $50 for each first violation and $100 for each subsequent violation, in addition to an amount sufficient to recover unpaid wages under Labor Code § 558; and/or $100 for each initial violation and $200 for each subsequent violation, pursuant to Labor Code § 2699(f).

3.  Violated Labor Code sections 226.7, 512, 558, IWC Wage Order No. 4-2001, and Title 8 of the California Code of Regulations section 11040 by failing to provide all legally required rest periods, or to pay premium pay in lieu thereof, to Plaintiff and other aggrieved employees at the regular rate of pay.  Specifically, Plaintiff contends that Plaintiff and the aggrieved employees were subject to a policy and practice that misclassified them as exempt instead of their proper classification as non-exempt employees.  Plaintiff further contends on behalf of non-exempt employees (including without limitation, "Sales Coordinators") that Defendant implemented a policy and practice not to provide such employees with their right rest breaks.  As a result, Plaintiff and the aggrieved employees were regularly and categorically denied required rest breaks.  For example, Plaintiff asserts he and aggrieved employees worked over eight (8) hours in a shift without receiving a rest period for every four hours worked, or major fraction thereof.  Plaintiff contends he and/or the aggrieved employees are entitled to penalties in the amount of $50 for each first violation and $100 for each subsequent violation, in addition to an amount sufficient to recover unpaid wages under Labor Code § 558; and/or $100 for each initial violation and $200 for each subsequent violation, pursuant to Labor Code § 2699(f).

4.  Violated Labor Code sections 233 and 234 by unlawfully discharging and discriminating against Plaintiff and other aggrieved employees for using sick leave to attend to an illness.  Specifically, Plaintiff contends that he and other aggrieved employees were subject to Defendant's pattern of conduct that, taken as a whole, materially and adversely affected the terms, conditions, or privileges of Plaintiff's and the other aggrieved employee's employment with Defendant as a result of requesting or taking sick leave.  Plaintiff contends he and aggrieved employees are entitled to penalties in the amount of $100 for each first violation per pay period and $200 for each subsequent violation under Labor Code § 2699.

5.  Violated Labor Code sections 204 and 1194.5 by failing to pay aggrieved employees all commission wages within the appropriate time period(s) required.  Specifically, Plaintiff contends that he and other aggrieved employees were subjected to written Sales Commission Plans and similar commission agreements that only paid earned commission wages on a quarterly basis and not after when due and payable.  Plaintiff contends he and aggrieved employees are entitled to penalties in the amount of $100 for each first violation per pay period and $200 for each subsequent violation under Labor Code § 2699.

6.  Violated Labor Code section 221-223 and 225.5 by unlawfully withholding wages due to Plaintiff and other aggrieved employees.  Specifically, Plaintiff contends that he and other aggrieved

February 7, 2019
Page 3

employees had their earned commission wages unlawfully withheld by Defendant. Plaintiff contends he and other aggrieved employees are entitled to penalties in the amount of $100 for each first violation and $200, plus 25 percent of the amount(s) withheld (subsequent violations) for each failure to pay each employee, including Plaintiff.

7. Violated Labor Code sections 226 and 226.3, IWC Wage Order No. 4-2001, and Title 8 of the California Code of Regulations section 11040 by providing inaccurate itemized wage statements. For example, Plaintiff contends that as a result of Defendants' other Labor Code violations, Defendants failed to accurately record the gross wages earned, net wages earned, and rates of pay for Plaintiff and other aggrieved employees. Plaintiff contends he and aggrieved employees are entitled to penalties in the amount of $250 for each first violation and $1,000 for each subsequent violation pursuant to Labor Code § 226.3. In addition, Plaintiff contends that he and other aggrieved employees are entitled to penalties in the amount of $50.00 per underpaid employee per pay period, and $100.00 per underpaid employee per pay period, plus the amount which is sufficient to recover unpaid wages, pursuant to IWC Wage Order No. 4-2001 and Title 8 of the California Code of Regulations section 11040.

8. Violated Labor Code sections 201-204, 210, and 1194.5 by failing to pay all wages within the appropriate time period required, including in a timely fashion at the end of employment. For example, as discussed above, Plaintiff and/or aggrieved employees were not properly compensated for all minimum wages and overtime hours worked, were not compensated the proper meal period and rest break premium pay, and were not paid all wages upon termination of or separation from employment. Plaintiff contends he and aggrieved employees are entitled to penalties in the amount of $100 for each first violation and $200 for each subsequent violation pursuant to Labor Code § 210.

Plaintiff intends to pursue a claim under the Private Attorneys General Act of 2004 pursuant to Labor Code section 2698 *et seq.*

Please contact me when/if this matter is assigned to a staff member to discuss these issues.

Sincerely,

*Helen Kim*

Helen Kim

cc:     LWDA (via electronic submission)

**Exhibit A, Page 35**

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
## Domestic Mail Only

**For delivery information, visit our website at www.usps.com®.**

OFFICIAL USE

Certified Mail Fee
$ 3.50

Extra Services & Fees *(check box, add fee as appropriate)*
☒ Return Receipt (hardcopy)            $ 2.80
☐ Return Receipt (electronic)          $
☐ Certified Mail Restricted Delivery   $
☐ Adult Signature Required             $
☐ Adult Signature Restricted Delivery  $

Postmark
Here

Postage
$ 0.50

Total Postage and Fees
$ 6.80

Sent To LIVE NATION (Corporate Creations California, Inc)

Street and Apt. No., or PO Box No. 4640 Admiralty Way, 5th Fl.

City, State, ZIP+4® Marina Del Rey, CA 90292

PS Form 3800, April 2015 PSN 7530-02-000-9047     See Reverse for Instructions

7018 2290 0000 2000 0672 4394

# Certified Mail service provides the following benefits:

- A receipt (this portion of the Certified Mail label).
- A unique identifier for your mailpiece.
- Electronic verification of delivery or attempted delivery.
- A record of delivery (including the recipient's signature) that is retained by the Postal Service™ for a specified period.

## Important Reminders:

- You may purchase Certified Mail service with First-Class Mail®, First-Class Package Service®, or Priority Mail® service.
- Certified Mail service is *not* available for International mail.
- Insurance coverage is *not* available for purchase with Certified Mail service. However, the purchase of Certified Mail service does not change the insurance coverage automatically included with certain Priority Mail items.
- For an additional fee, and with a proper endorsement on the mailpiece, you may request the following services:
  - Return receipt service, which provides a record of delivery (including the recipient's signature). You can request a hardcopy return receipt or an electronic version. For a hardcopy return receipt, complete PS Form 3811, *Domestic Return Receipt;* attach PS Form 3811 to your mailpiece;

for an electronic return receipt, see a retail associate for assistance. To receive a duplicate return receipt for no additional fee, present this USPS®-postmarked Certified Mail receipt to the retail associate.

- Restricted delivery service, which provides delivery to the addressee specified by name, or to the addressee's authorized agent.
- Adult signature service, which requires the signee to be at least 21 years of age (not available at retail).
- Adult signature restricted delivery service, which requires the signee to be at least 21 years of age and provides delivery to the addressee specified by name, or to the addressee's authorized agent (not available at retail).

- To ensure that your Certified Mail receipt is accepted as legal proof of mailing, it should bear a USPS postmark. If you would like a postmark on this Certified Mail receipt, please present your Certified Mail item at a Post Office™ for postmarking. If you don't need a postmark on this Certified Mail receipt, detach the barcoded portion of this label, affix it to the mailpiece, apply appropriate postage, and deposit the mailpiece.

**IMPORTANT: Save this receipt for your records.**

PS Form **3800,** April 2015 *(Reverse)* PSN 7530-02-000-9047

**Exhibit A, Page 37**

05/03/2015

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.

■ Print your name and address on the reverse so that we can return the card to you.

■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Corporate Creations California Inc
4640 Admiralty Way, 5th Flr.
Marina Del Rey, CA  90292
Attn: Sarah Clemens, Christian Lamunga, or Tiffany Phillips

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 4441 8248 5610 54

2. Article Number (Transfer from service label)

7018 2290 0002 0672 6394

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☒ Agent
                    ☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery
                                        2/2/19

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ ...il Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

**Exhibit A, Page 38**





USPS TRACKING #

9590 9402 4441 8248 5610 54

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Helen Kim Law, APC
3435 Wilshire Blvd., #2700
Los Angeles, CA 90010

**Exhibit A, Page 39**

EXHIBIT 2

# EXHIBIT 2

DocuSign Envelope ID: E41AC18F-56C4-48BC-9E74-3712BE48ED3A

1  Laura L. Ho (SBN 173179)
   lho@gbdhlegal.com
2  Amanda J. Grill (SBN 317408)
   awalbrun@gbdhlegal.com
3  GOLDSTEIN, BORGEN, DARDARIAN & HO
   300 Lakeside Drive, Suite 1000
4  Oakland, CA 94612
   Tel:  (510) 763-9800
5  Fax: (510) 835-1417

6  Helen U. Kim (SBN 260195)
   helen@helenkimlaw.com
7  HELEN KIM LAW, APC
   3435 Wilshire Blvd, Suite 2700
8  Los Angeles, CA 90010
   Tel:  (323) 487-9151
9  Fax: (866) 652-7819

10  Attorneys for Plaintiff and the Proposed Class

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                    FOR THE COUNTY OF LOS ANGELES

13

14  GEORGE WELLINGER, individually and on      Case No.:
    behalf of all others similarly situated,
15                                              **PLAINTIFF'S CONSENT TO JOIN IN**
           Plaintiffs,                          **COLLECTIVE ACTION UNDER THE FAIR**
16                                              **LABOR STANDARDS ACT**
    vs.                                         **29 U.S.C. § 216(B)**
17
    LIVE NATION WORLDWIDE, INC.; LIVE
18  NATION ENTERTAINMENT, INC.; and DOES 1
    through 50, inclusive,
19
           Defendants.
20

21

22              **CONSENT TO JOIN AS PARTY PLAINTIFF**

23       1.       I, George Wellinger, affirm that I was employed by Defendant Live Nation in

24  California as a Sales Manager primarily tasked with selling, cross-selling, and upselling Live Nation's

25  products and services.

26       2.       Within the last three years, I regularly worked more than forty hours in a week without

27  receiving overtime pay.

28

                                    1

753446.1

**Exhibit A, Page 42**

DocuSign Envelope ID: E41AC18F-56C4-48BC-9E74-3712BE48ED3A

1        3.     I understand that this suit is brought under the federal Fair Labor Standards Act

2  ("FLSA"), 29 U.S.C. § 201, *et seq.*  Pursuant to 29 U.S.C. § 216(b), I hereby give my consent to be

3  named Plaintiff and an FLSA party plaintiff in the above-captioned action.  I agree to be represented

4  by Goldstein, Borgen, Dardarian & Ho and Helen Kim Law APC for the FLSA claim in this action.

5        4.     I hereby authorize the above-named counsel of record to file this consent with the Clerk

6  of the court and to make decisions with respect to the conduct and handling of this action, including

7  the settlement thereof, as they deem appropriate and necessary.

8

9  Please type or print in ink the following:

10      Name:    George Wellinger

11      Address:   6701 Fountain Ave. #208

12
13           Los Angeles       CA       90028
           (City)           (State)     (Zip)

14      Email:    shoegaze45@aol.com

15      Telephone: (619) 846-7945

16  Dated:  4/30/2019

17                                         Signature

18
19
20
21
22
23
24
25
26
27
28

PL.'S CONSENT TO JOIN UNDER FLSA 29 U.S.C.§216(B)

753446.1

**Exhibit A, Page 43**